# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK WINDHAM SR.,**

           **Plaintiff,**

**-vs-**                            **Case No. 6:10-cv-1372-Orl-28GJK**

**SOCIAL SECURITY ADMINISTRATION,**

           **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

## TO THE UNTIED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion and notice filed herein:

| | |
|---|---|
| **MOTION:** | **NOTICE OF EXTENSION (Doc. No. 8)** |
| **FILED:** | November 29, 2010 |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot.**

| | |
|---|---|
| **MOTION:** | **NOTICE OF INTENT NOT TO FILE AN AMENDED COMPLAINT (Doc. No. 9)** |
| **FILED:** | November 30, 2010 |

**THEREON** it is **RECOMMENDED** that the case be dismissed without prejudice due to Plaintiff's failure to comply with this Court's November 15, 2010 order (Doc. No. 6).

## I. BACKGROUND.

On September 15, 2010, Frank Windham Sr. (the "Plaintiff") initiated this action *pro se* by filing a handwritten complaint (the "Complaint") against the Social Security Administration (the "Defendant"). Doc. No. 1. The Complaint states in pertinent part:

> Initially, my former wife Sandra Jean Paul Windham passed away in 1993, to this union were born two sons. . . . Immediately after her passing her eldest sister Francine Paul Milton a social worker, began to launch fallacious and malicious attacks against me by using the hotline of the [Florida] Department of Children and Families. The attacks were many, but the foremost was the accusation of child molestation indicating my two sons were the victims. At that time I was formally investigated by the Department of Children and Families, and the case was closed as being unfounded. Mrs. Milton did this in an attempt to have my sons removed from my custody, and placed in her custody. Inspite [sic] of the investigation the Department of Children and Families kept coming each and every time she would call their hotline, and this continued until they were removed in 1999, and placed in her custody, and they were later adopted by Mrs. Milton.
>
> Also, the Department of Children and Families never filed any charges against me. This was an act of kidnapping; of which there are no statutes of limitations. Although I was not charged with child molestation, the way my sons were removed made it appear as if I was guilty. Although I'm really not. I could not have contact with them. As a result of this I have had this stigma attached to my character for some seventeen years of my life. While combating the efforts of law enforcement to entrapp [sic],

2

> attempting to justify their behavior, and the illegal removal of my sons.
>
> In addition, the Social Security Administration refused to pay the spousal benefits I qualified for. However, they did pay the benefits my sons qualified for. Currently the Social Security Administration will not allow me to put a claim in for these benefits. In essence by depriving me they also deprived my sons. Because of these acts I am convinced that the Social Security Administration were also instrumental in the illegal removal of my sons, and preferred the maternal aunt to have custody of them, rather than I. Depriving me of my paternal, and biological rights, and asserting sexual discrimination.
>
> Also, I suspect the Social Security Administration has released a clandestine mentally incompetent check in my name to be used as evidence against me if I proceed with this case. The Social Security Administration in Atlanta, [Georgia] explained to me the maternal aunt has been stealing benefits from the Social Security Administration.
>
> In summary, it is clear to me that the maternal aunt, the Department of Children and Families, and the Social Security Administration all conspired against me and made it impossible for me to succeed with my sons. The [relief] I am seeking is that this Court award [$7,700,000,000.00] for the punitive damages which have been caused in the lives of my two sons and I.

Doc. No. 1 at 1-4. Plaintiff requested $7,700,000,000.00 in punitive damages for sexual discrimination, defamation of character, kidnapping, loss of enjoyment of life, homelessness, cultural deprivation, and slander. Doc. No. 1 at 5. Although Plaintiff named only the Social Security Administration as a Defendant in the Complaint, the gravamen of the Complaint is that Mrs. Milton, the Florida Department of Children and Families, and the Social Security Administration conspired to kidnap Plaintiff's children between 1993 and 1999, and the Social Security Administration wrongfully denied Plaintiff benefits for his children. Doc. No. 1. Plaintiff failed to allege a basis for the Court's jurisdiction. Doc. No. 1.

On September 15, 2010, Plaintiff also filed an Application to Proceed Without Prepayment of Fees and Affidavit. Doc. No. 2. On November 15, 2010, and pursuant to 28 U.S.C. § 1915, the Court entered an order (the "Order") denying without prejudice Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2) because the Complaint fails to comply with the requirements of Rule 8, Federal Rules of Civil Procedure. However, in an abundance of caution, Plaintiff was afforded an opportunity to file an amended complaint within twenty-one (21) days. Doc. No. 6. In the Order, the directed Plaintiff to comply with the following directives regarding the amended complaint:

> 1) Plaintiff shall place his full name in the style of the case on the first page and provide his full name and current address in the appropriate section at the end of the complaint;
> 2) Plaintiff shall name as defendants only those persons who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;
> 3) Plaintiff must provide the full name and current address for each defendant;
> 4) **Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted**;
> 5) Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each Defendant;
> 6) Plaintiff shall set forth each claim in a separate count;
> 7) Plaintiff must set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim;
> 8) Plaintiff must show how Plaintiff has been damaged or injured by the actions and/or omissions of the Defendant(s)); and
> 9) Plaintiff shall set forth a clear statement of the relief sought for each claim.

Doc. No. 6 at 6-7. In the Order, the Court warned Plaintiff that "[f]ailure to file an amended **complaint within the time provided will result in a recommendation that the case be dismissed without further warning**." Doc. No. 6 at 8 (emphasis in original). In the Order, the Court also directed Plaintiff to immediately advise the Court in writing of any change of address.

On November 29, 2010, Plaintiff filed a Notice of Extension (the "Motion for Extension of Time") requesting that the Court allow Plaintiff an additional thirty (30) days to file an

4

amended complaint. Doc. No. 8. However, on November 30, 2010, Plaintiff filed a Notice of Intent (the "Notice") stating: "This Plaintiff has decided not to file an amended complaint." Doc. No. 9 at 1. Plaintiff further states:

> However, in support of the initial complaint I have submitted order appointing emergency custody and guardian of minors, and birth certificates from Orange County in an attempt to help show this Court that I am the surviving spouse and caretaker of our children. Apparently all records of her marriage to me have been removed from the computers, her death records do not show that she even had a spouse. I am also asking this Court to subpoena all records from the Social Security Administration concerning Frank Windham Sr, Sandra Jean Paul Windham, Frank Cedric Windham Jr. and Paul Steven Windham.

Doc. No. 9 at 2. Thus, it appears Plaintiff is no longer requesting an extension of time to file an amended complaint and, in fact, Plaintiff has no intention of filing an amended complaint.

## II. ANALYSIS.

As set forth in the Order, the Complaint failed to allege a basis for this Court to exercise subject matter jurisdiction over Plaintiff's claims and it failed to comply with the requirements of Rule 8, Federal Rules of Civil Procedure. *See* Doc. Nos. 1, 6 at 3-6. In other words, Plaintiff cannot proceed in this Court based on the Complaint. Therefore, in an abundance of caution, the Court directed Plaintiff to file an amended complaint within twenty-one (21) days and provided Plaintiff with specific instructions as to what was required in the amended complaint. Doc. No. 6. Although Plaintiff originally requested an extension of time for thirty (30) days to file an amended complaint (Doc. No. 8), Plaintiff subsequently notified the Court that he had no intention of complying with this Court's Order and he would not be filing an amended complaint

5

(Doc. No. 9). Accordingly, Plaintiff's Motion for Extension of Time (Doc. No. 8) is **DENIED as moot**.

The Notice, which unequivocally states that "Plaintiff has decided not to file an amended complaint," is in direct violation of this Court's Order directing Plaintiff to file an amended complaint within twenty-one (21) days. *See* Doc. Nos. 6, 9 at 1. It appears Plaintiff wishes to proceed with his original Complaint. However, as set forth above, the original Complaint is deficient and fails to provide this Court a basis to exercise jurisdiction over Plaintiff's claims. Plaintiff was warned that failure to file an amended complaint would result in a recommendation that the case be dismissed without further warning. "The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Accordingly, it is **RECOMMENDED** that the case be **DISMISSED without prejudice** due to Plaintiff's failure to comply with the Court's Order (Doc. No. 6).

When Plaintiff filed his Complaint, he provided a residential address of 3805 Bunche Street, Orlando, Florida 32805. Doc. No. 1 at 1. On November 29, 2010, Plaintiff filed a Notice of Change of Address wherein he stated that his address is now "General Delivery," Orlando, FL 32802. The "General Delivery" address is inappropriate for service and will prevent the Clerk from sending Plaintiff a copy of this Order and Report and Recommendation by Certified Mail. Accordingly, the Clerk is directed to send a copy of this Order and Report and Recommendation to Plaintiff at the "General Delivery" address by Regular U.S. Mail, and to send a copy to Plaintiff's original address by Certified Mail.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 2, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Regular Mail and Certified Mail**